■ ABRAHAM STERN, Respondent, v REBECCA STERN, Appellant. [758 NYS2d 155] —In an action pursuant to Domestic Relations Law § 140 for a judgment declaring the nullity of a void marriage, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Yancey, J.), dated August 22, 2001, which, inter alia, after a nonjury trial, awarded the plaintiff sole custody of the parties' two younger children subject to the defendant's right to visitation.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court's determination must be "accorded great deference on appeal, since it had the opportunity to assess the witnesses' demeanor and credibility" (*Miller v Pipia,* 297 AD2d 362, 364 [2002]; *see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]). We are satisfied that the Supreme Court's award of custody of the parties' two younger children was in the children's best interests (*see Eschbach v Eschbach, supra* at 171-173). The defendant's conduct in alienating the children from their father is an act so inconsistent with the best interests of the children (*see Barbato v Barbato,* 264 AD2d 792 [1999]; *Young v Young,* 212 AD2d 114, 122 [1995]) that it cannot be said that the Supreme Court's determination lacked a sound and substantial basis (*see Eschbach v Eschbach, supra; Miller v Pipia, supra*).

While the two younger children were closely bonded to the defendant and expressed a clear and consistent desire to live with her, their preference is not determinative, given their young age, lack of maturity, and the fact that they were so strongly influenced by the negative attitudes of the defendant and their older siblings (*see Eschbach v Eschbach, supra* at 173; *Muller v Muller,* 221 AD2d 635, 636-637 [1995]; *Young v Young, supra* at 123).

The defendant's contention that the parties' settlement agreement, as modified, must be vacated on grounds of unconscionability, duress, and fraud, is not properly before this Court, since the record in this case discloses that the defendant mother, in open court on February 18, 2000, voluntarily, knowingly, and intelligently stipulated to waive her right to

appeal the order dated February 3, 2000, denying her motion to vacate the settlement agreement in exchange for an additional payment of $45,000 from the plaintiff father (see *Matter of Department of Social Servs. [Martha R.] v Herbert R.*, 213 AD2d 636 [1995]). Having failed to show any ground upon which to set aside her waiver (see *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Bruckstein v Bruckstein*, 271 AD2d 389, 390 [2000]), the defendant cannot now contest the denial of her motion to vacate the settlement agreement.

The defendant's remaining contentions are without merit. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.