■ JOYCE BOBINSKI, Appellant, v JOHN BOBINSKI, Respondent.
[780 NYS2d 185]—

In a matrimonial action in which the parties were divorced by judgment dated January 7, 1999, the mother appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated January 23, 2004, which, after a hearing, inter alia, granted that branch of the father's motion which was to modify the custody provisions of the parties' judgment of divorce and awarded sole custody of the parties' children to the father, and denied that branch of her motion which was to modify the custody provisions of the parties' judgment of divorce and to award her sole custody of the parties' children.

Ordered that the order is affirmed, with costs.

"[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]; *see Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]).

The Supreme Court's determination must be accorded great deference on appeal, since it had the opportunity to assess the witnesses' demeanors and credibility (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Darema-Rogers v Rogers*, 199 AD2d 456, 457 [1993]). Its award of custody of the parties' children to the father was in the children's best interests (*see Eschbach v Eschbach, supra* at 171-173). The mother's conduct, inter alia, in alienating the children from their father, interfering with their relationships, and disregarding the father's rights as a joint custodial parent, were acts so inconsistent with the best interests of the children (*see Stern v Stern*, 304 AD2d 649 [2003]; *Young v Young*, 212 AD2d 114, 122 [1995]; *Matter of J.F. v L.F.*,

181 Misc 2d 722 [1999], *affd* 270 AD2d 489 [2000]), that it cannot be said that the Supreme Court's determination lacked a sound and substantial basis (*see Eschbach v Eschbach, supra*).

The mother's remaining contentions are without merit. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.