NATAN E. HOROWITZ, Appellant, v STACEY HOROWITZ, Respondent. [881 NYS2d 479]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), dated April 30, 2008, which, inter alia, granted those branches of the defendant wife's motion which were to restrain his account at Interactive Brokers, LLC, and to direct payment of the assets held in that account to her to the extent of directing that Interactive Brokers, LLC, pay the sum of $20,000 from the subject account into the escrow account of the wife's attorney and that the wife's attorney pay the sum of $10,000 of that $20,000 to the wife, and, sua sponte, awarded the sum of $10,000 of the subject funds to the wife's attorney as an attorney's fee.

Ordered that notice of appeal from so much of the order as, sua sponte, awarded the sum of $10,000 of the subject funds to the wife's attorney as an attorney's fee is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof, sua sponte, awarding the sum of $10,000 of the subject funds to the

wife's attorney as an attorney's fee, and (2) by deleting the provision thereof granting that branch of the wife's motion which was to direct the wife's attorney to pay her the sum of $10,000 from the $20,000 paid by Interactive Brokers, LLC, into the escrow account maintained by the wife's attorney and substituting therefor a provision denying that branch of the wife's motion;. as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

While the Supreme Court may, in its discretion, award a party an attorney's fee during the pendency of a matrimonial action (*see* Domestic Relations Law § 237 [a]; *Albert v Albert,* 60 AD3d 979 [2009]), here, as far as the record shows, the court awarded the wife's attorney a fee in the sum of $10,000 without an application from either the wife or her attorney, and without any supporting documentation or other evidence demonstrating the propriety of such an award. Accordingly, under the circumstances presented, the award was an improvident exercise of discretion.

Furthermore, the court erred in directing that the sum of $10,000 from the husband's account at Interactive Brokers, LLC, be paid to the wife following its deposit into the escrow account of her attorney. The court indicated that this money was to be paid as "past due maintenance" pursuant to a prior order of the court, and as a "temporary distributive award." However, the record discloses that, in requesting the funds from the subject brokerage account, the wife was not seeking maintenance or a distributive· award. Rather, she alleged that the husband had "fled the jurisdiction with the parties' children." She claimed that by "cut[ting] off" the husband's "supply of funds," the court might induce him to return to New York. Further, she alleged that, if the funds were in her possession, she would make sure they were not "dissipated" and would be held for the benefit of the children. These concerns were adequately addressed by the provisions of the order restraining the subject account and directing that a portion of it be transferred to the escrow account of the wife's attorney.

The husband's remaining contentions are without merit. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.