■ In the Matter of JEFFREY DOROSKI, Respondent, v NANCY ASHTON, Appellant. [952 NYS2d 259]—

Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Strand-O'Shea v O'Shea,* 32 AD3d 398 [2006]). Parental alienation of a child from the other parent is "an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (*Entwistle v Entwistle,* 61 AD2d 380, 384-385 [1978]; *see Bobinski v Bobinski,* 9 AD3d 441 [2004]; *Stern v Stern,* 304 AD2d 649 [2003]; *Young v Young,* 212 AD2d 114, 122 [1995]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]). Here, the Family Court's determinations that there had been a change in circumstances, and that a transfer of sole custody to the father would be in the child's best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (*see Matter of Tobar v Velez-Molina,* 95 AD3d 1224 [2012]; *Matter of Galanos v Galanos,* 28 AD3d 554, 555 [2006]).

The mother's remaining contention is without merit. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.