In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (LoPresti, Ct. Atty. Ref.), dated March 1, 2012, as, after a hearing, in effect, granted the mother’s application to modify a prior order of temporary custody of the same court entered August 24, 2009, and, upon awarding the parties joint legal custody, awarded the mother permanent residential custody of the subject child with visitation to the father, and denied that branch of the father’s petition which was to modify the prior order so as to award him permanent residential custody.
Ordered that the order dated March 1, 2012, is affirmed insofar as appealed from, with costs.
The Family Court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]; Matter of Guzman v Pizarro, 102 *740 AD3d 964 [2013]), and there is no prima facie right to custody of the child in either parent (see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Andrews v Mouzon, 80 AD3d 761 [2011]). “Since any custody determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of O’Loughlin v Sweetland, 98 AD3d 983, 984 [2012] [internal quotation marks omitted]; see Matter of Griffin v Nikiea Moore-James, 104 AD3d 685 [2d Dept 2013]).
Here, the Family Court carefully considered the parties’ testimony and thoroughly examined all the evidence and relevant circumstances in coming to its determination granting permanent residential custody to the mother. The Family Court found that, while both parents had exhibited shortcomings as parents, it was undisputed that the child loved both parents and was happy in the custody of either the mother or the father and that both parents were capable of providing for the child’s emotional and intellectual development. However, the Family Court also found that during the period when the child was in the temporary custody of the father, the father had refused to encourage and foster meaningful contact between the child and the mother, and that such conduct was adverse to the child’s best interests and had been harmful to the child. The Family Court also found that the mother was the parent more likely to assure meaningful contact between the child and the noncustodial parent. A custodial parent’s interference with the relationship between a child and the noncustodial parent is deemed an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent (see Matter of Purse v Crocker, 95 AD3d 1216, 1217 [2012]; Young v Young, 212 AD2d 114, 122-123 [1995]). As the Family Court’s findings have a sound and substantial basis in the record, they will not be disturbed.
The father’s remaining contention is without merit. Eng, EJ., Rivera, Angiolillo and Balkin, JJ., concur.