In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated December 18, 2012, as, after a hearing, granted the father’s petition to modify a prior order of the same court dated August 3, 2009, so as to award him sole legal and physical custody of the subject child.
*793 Ordered that the order dated December 18, 2012, is affirmed insofar as appealed from, with costs.
Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (see Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738 [2012]; Matter of Englese v Strauss, 83 AD3d 705, 706 [2011]; Matter of Said v Said, 61 AD3d 879, 880 [2009]). Parental alienation of a child from the other parent, including willful interference with his or her visitation rights, is “an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent” (Entwistle v Entwistle, 61 AD2d 380, 384-385 [1978]; see Matter of Lawlor v Eder, 106 AD3d 739, 740 [2013]; Matter of Doroski v Ashton, 99 AD3d 902, 903 [2012]; Matter of Ahmad v Naviwala, 306 AD2d 588, 591 [2003]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of Doroski v Ashton, 99 AD3d at 903). Here, the court’s determinations that there had been a change in circumstances, and that a transfer of sole legal and physical custody to the father would be in the child’s best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Lawlor v Eder, 106 AD3d at 740; Matter of Doroski v Ashton, 99 AD3d at 903; cf. Matter of Martinez v Hyatt, 86 AD3d 571, 572 [2011]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.