In an action for a divorce and ancillary relief, the mother appeals, as limited by her brief, from stated portions of an interlocutory judgment of the Supreme Court, Kings County (Thomas, J.), dated March 13, 2012, which, upon a decision of the same court dated December 9, 2011, made after a nonjury trial, inter alia, awarded custody of the parties’ children to the father.
Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.
Modification of an existing court-sanctioned custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the children (see Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738 [2012]; Matter of Englese v Strauss, 83 AD3d 705, 706 [2011]; Matter of Said v Said, 61 *888 AD3d 879, 880 [2009]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Supreme Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the Supreme Court’s determinations that there had been a change in circumstances, and that a transfer of custody of the parties’ children to the father would be in the children’s best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (see Matter of Bennett v Schultz, 110 AD3d 792 [2013]; Matter of Doroski v Ashton, 99 AD3d 902 [2012]; Matter of Tobar v Velez-Molina, 95 AD3d 1224 [2012]).
The mother’s remaining contentions are without merit. Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.
Appeal by the plaintiff Debra Ayer Harris, as limited by her brief, from stated portions of an interlocutory judgment of the Supreme Court, Kings County, dated March 13, 2012. By order to show cause dated March 14, 2013, inter alia, the parties or their attorneys were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from so much of the judgment as pertains to visitation on the ground that it has been rendered academic by a subsequent stipulation on the issue of visitation entered into between the parties on November 7, 2012. By decision and order on motion of this Court dated July 1, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied. Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.