■ RAQUEL MCMAHON, Respondent, v MORGAN MCMAHON, Appellant. DONALD O'SULLIVAN, Nonparty Respondent. [992 NYS2d 550]—

In a matrimonial action, the defendant appeals (1) from a money judgment of the Supreme Court, Nassau County (Palmieri, J.), entered April 3, 2013, which, upon an order of the same court dated February 8, 2013, granting the plaintiff's application for an award of counsel fees, is in favor of the plaintiff's counsel and against him in the principal sum of $22,480, (2) from a money judgment of the same court, also entered April 3, 2013, which upon the order, is in favor of the plaintiff and against him in the principal sum of $22,520, and (3), as limited by his brief, from so much of an order of the same court dated April 16, 2013, as, sua sponte, awarded an additional $3,500 in counsel fees to the plaintiff for "having had to defend against [the] motion to reargue."

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded an additional $3,500 in counsel fees to the plaintiff is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the money judgments are affirmed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements.

Pursuant to Domestic Relations Law § 237 (a), an award of counsel fees is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (Prichep v Prichep, 52 AD3d 61, 64 [2008], quoting Morrissey v Morrissey, 259 AD2d 472, 473 [1999]; see Mueller v Mueller, 113 AD3d 660 [2014]; Carr-Harris v Carr-Harris, 98 AD3d 548, 552 [2012]; see also Timpone v Timpone, 28 AD3d 646 [2006]). In determining whether to award counsel fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; see Guzzo v Guzzo, 110 AD3d 765, 766 [2013]; Matter of Baribault v Sauvola, 101 AD3d 865, 866 [2012]; Ciampa v Ciampa, 47 AD3d 745, 748 [2008]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation

(*see Guzzo v Guzzo*, 110 AD3d at 766; *Khan v Ahmed*, 98 AD3d 471, 473 [2012]; *Prichep v Prichep*, 52 AD3d at 64; *Ciampa v Ciampa*, 47 AD3d at 748).

Here, considering all of the relevant circumstances, the Supreme Court providently exercised its discretion in awarding the principal sums of $22,480 and $22,520, respectively, for the plaintiff's counsel fees in the two subject money judgments. In particular, we note that the plaintiff earns considerably less than the defendant, that the plaintiff is not receiving any significant equitable distributive award, and that the defendant's conduct throughout these proceedings, including his failure to abide by a pendente lite order, unnecessarily protracted the litigation (*see Mueller v Mueller*, 113 AD3d at 661; *Guzzo v Guzzo*, 110 AD3d at 765-766; *Carr-Harris v Carr-Harris*, 98 AD3d at 552; *Gallagher v Gallagher*, 93 AD3d 1311, 1314 [2012]; *Peritore v Peritore*, 50 AD3d 874, 875 [2008]; *cf. Griggs v Griggs*, 44 AD3d 710, 714 [2007]). The defendant's remaining contentions regarding the propriety of those counsel fee awards are without merit.

However, the Supreme Court improvidently exercised its discretion in, sua sponte, awarding an additional $3,500 in counsel fees to the plaintiff for "having had to defend against [the defendant's] motion [for leave] to reargue." The additional counsel fees were awarded without any application by the plaintiff for such relief, and without any supporting documentation or other evidence demonstrating the propriety thereof (*see Horowitz v Horowitz*, 63 AD3d 1001, 1002 [2009]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.