■ In the Matter of Pantelis Halioris, Respondent, v Fedra Halioris, Appellant. [6 NYS3d 267]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated July 23, 2014. The order, inter alia, after a hearing, granted the father's petition to hold the mother in contempt for disobeying an order of that court dated February 4, 2013, granted the father's separate petition to modify a prior custody and visitation order, and awarded him sole custody of the parties' two children, with visitation to the mother. By decision and order on motion dated August 13, 2014, this Court granted the mother's motion to stay enforcement of the order dated July 23, 2014, pending hearing and determination of the appeal.

Ordered that the order dated July 23, 2014, is affirmed, with costs.

To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence " '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct' " (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], quoting *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031

[2012]). Here, the father met his burden of establishing all of the aforementioned elements of civil contempt by clear and convincing evidence. Specifically, the father showed, by clear and convincing evidence, that the mother, while having full knowledge thereof, violated a so-ordered stipulation dated February 4, 2013 (hereinafter the stipulation), which, inter alia, unequivocally mandated that the parties and the subject children engage in, cooperate with, and attend family therapy. The violation of the stipulation by the mother resulted in prejudice to the father. Accordingly, the Family Court properly granted the father's petition to hold the mother in contempt for disobeying the stipulation.

Moreover, the Family Court properly granted the father's separate petition to modify a prior order of custody and visitation, so as to award him sole custody of the subject children, with visitation to the mother. Modification of an existing court-sanctioned custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (see Matter of Hillord v Davis, 123 AD3d 1126 [2014]; Matter of Jasiah T.-V.S. J. [Joshua W.], 123 AD3d 717 [2014]; Matter of O'Shea v Parker, 116 AD3d 1051 [2014]). Parental alienation of a child from the other parent is "an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending parent] is unfit to act as custodial parent" (Entwistle v Entwistle, 61 AD2d 380, 384-385 [1978]; see Matter of Bennett v Schultz, 110 AD3d 792, 793 [2013]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's findings in connection with these issues should not be disturbed unless they lack a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the Family Court's determinations that there had been a change in circumstances, and that a transfer of sole custody to the father would be in the children's best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Bennett v Schultz, 110 AD3d at 793; Matter of Doroski v Ashton, 99 AD3d 902, 903 [2012]).

The mother's remaining contentions are without merit. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.

———

Motion by the appellant on an appeal from an order of the Family Court, Suffolk County, dated July 23, 2014, to strike

the respondent's brief or stated portions thereof on the ground that the brief refers to matter dehors the record. By decision and order on motion of this Court dated December 24, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that that branch of the motion which is to strike stated portions of the respondent's brief is granted, the motion is otherwise denied, and the following portions of the respondent's brief are stricken and have not been considered in the determination of the appeal: (1) the section entitled "Interim Solution 'Failed Miserably' " on pages 7 to 8; (2) the section entitled "Since July 23, 2014 Verdict" on pages 8 to 10; (3) the section entitled "The alienation of the children continues past the Decision After Trial of the Family Court of Suffolk (Cheng, J.) dated July 23, 2014, and the Order After Trial of [F]amily Court of Suffolk (Cheng, J.) dated July 23, 2014" on page 14; (4) the references to prior testimony of Dr. Barbara Burkhard, Dr. Jennifer Campbell, and Dr. Carl Didio on pages 11 and 13; (5) the references to the father's closing on the purchase of a house and his fiancée's provision of a loving atmosphere for the children on pages 11 to 12; (6) the reference to the father being "up to date on child support, activities, child care, health payments and extra curricular activities" on page 12; and (7) the reference to the manner in which Linda Gottlieb was chosen as a therapist on page 12. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.