■ In the Matter of JENNIFER COVINGTON, Appellant, v ERIN C. RAY, Respondent. [11 NYS3d 877]—Appeals from two orders of the Family Court, Queens County (John M. Hunt, J.), both dated June 24, 2014. The orders, one as to each of the parties' two children, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for physical custody of the children, and denied that branch of the mother's petition which was for physical custody of the children.

Ordered that the orders are affirmed, without costs or disbursements.

To warrant modification of an existing custody order, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child (*see Matter of Lombardi v Valenti*, 120 AD3d 817, 818 [2014]; *Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]). "In determining the best interests of the child, the court must evaluate the totality of the circumstances" (*Matter of Murphy v Lewis*, 106 AD3d 1091, 1092 [2013]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's

determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Boodhoo v Rampersaud*, 122 AD3d 624, 625 [2014]; *see Matter of Guiracocha v Amaro*, 122 AD3d 632 [2014]).

Contrary to the mother's contention, there was sufficient evidence in the hearing record both to demonstrate the requisite change in circumstances and to support the Family Court's determination to modify the prior custody order so as to award physical custody of the subject children to the father. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.