CPLR 3101 provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party" (CPLR 3101 [a] [1]). Pursuant to CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order . . . the party seeking disclosure may move to compel compliance or a response."

The moving defendants satisfied the threshold requirement of demonstrating that the disclosure sought is "material and necessary" to their affirmative defense alleging that the plaintiff lacked standing to commence this action. In addition, those defendants demonstrated that the witness they sought to depose was an employee of Select Portfolio Services, Inc., the plaintiff's agent and attorney-in-fact (see CPLR 3101 [a] [1]; *United States Fire Ins. Co. v Rockland Fire Equip. Co.*, 227 AD2d 289 [1996]).

Contrary to the plaintiff's contention, the moving defendants were not required to serve a subpoena upon the witness (*cf.* CPLR 3106 [b]). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.

■ E.V., Appellant, v R.V., Respondent. [14 NYS3d 145]—

Appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated July 2, 2014. The order, insofar as appealed from, granted that branch of the father's cross motion which was to modify prior orders of custody and visitation incorporated into the parties' judgment of divorce so as to award him sole legal and physical custody of the subject child. By decision and order on motion dated August 14, 2014, this Court granted the mother's motion to stay enforcement of the order pending the hearing and determination of this appeal.

Ordered that the order dated July 2, 2014, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith, on an expedited basis; and it is further,

Ordered that pending a new determination, physical custody of the child shall remain with the mother, with liberal visitation to the father, in accordance with the prior orders of the Supreme Court, Westchester County, dated November 25, 2008, and March 25, 2009, as modified and affirmed by this Court, respectively, on November 17, 2009.

An order or judgment awarding custody may be modified

upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Besen v Besen*, 127 AD3d 1076 [2015]; *Franco v Franco*, 127 AD3d 810 [2015]; *Matter of Thomas v Wong*, 127 AD3d 769 [2015]). "In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification" (*Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]). The factors to be considered include whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see id.* at 693; *Matter of Lazo v Cherrez*, 121 AD3d 999 [2014]).

Here, the Supreme Court failed to conduct an in camera examination of the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-273 [1969]). Further, the court relied on a forensic report that, by the date the court issued its determination, was more than 2½ years old. Under the circumstances of this case, including the protracted hearing conducted over the course of 44 nonconsecutive days (*see* 22 NYCRR 202.16 [l]), the delay thereafter in issuing the order after the hearing, and "the pace of the psychological development of the child whose best interest is the primary concern" (*Matter of Joseph F. v Patricia F.*, 32 AD3d 938, 939 [2006]), we find that the record before us is no longer sufficient for determining the ultimate issues presented herein (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704 [2014]; *Matter of Fleischman v Hall*, 88 AD3d 1000 [2011]).

Accordingly, the order must be reversed insofar as appealed from and the matter remitted to the Supreme Court, Westchester County, for a re-opened expedited hearing solely to receive an updated forensic mental health evaluation conducted by the same court-appointed expert, Dr. Stephen Paul Herman, if he is available (*see Cervera v Bressler*, 50 AD3d 837, 838 [2008]; *Pudalov v Pudalov*, 308 AD2d 524 [2003]), and an in camera examination of the child, now 10 years old. Thereafter, the Supreme Court shall issue a new expedited determination of that branch of the father's cross motion which was to modify prior orders of custody and visitation incorporated into the parties' judgment of divorce. We express no opinion as to the ap-

propriate determination to be made (*see Matter of Leval B. v Kiona E.*, 115 AD3d 665 [2014]). Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.

MICHAEL ZWARYCZ, Respondent, v MARNIA CONSTRUCTION, INC., et al., Appellants. [15 NYS3d 86]—

In an action for a judgment declaring that the plaintiff is the owner of 50% of the shares of Marnia Construction, Inc., and Stemar Construction, Inc., the defendants appeal from a judgment of the Supreme Court, Westchester County (DiBella, J.), dated August 25, 2014, which, after a nonjury trial, is in favor of the plaintiff and against them declaring that the plaintiff is the owner of 50% of the shares of Marnia Construction, Inc., and Stemar Construction, Inc.

Ordered that the judgment is affirmed, with costs.

Stemar Construction, Inc. (hereinafter Stemar), was incorporated in 1966, and Marnia Construction, Inc. (hereinafter Marnia), was incorporated in 1969, each for the purpose of constructing and operating apartment buildings. No stock certificates were issued for either corporation. It is undisputed that William Sullivan was a 50% owner of the shares of each corporation (*see Zwarycz v Marnia Constr., Inc.*, 102 AD3d 774, 774 [2013]). William Sullivan died in 1973, and the defendants Kerry Sullivan and William Sullivan, Jr., inherited his interests in the corporations.

The plaintiff commenced this action for a judgment declaring that he is the owner of the other 50% of the shares of each corporation. The matter proceeded to a nonjury trial, at which the defendants disputed the plaintiff's ownership claim, and maintained that the estate of William Sullivan's sister, Helen Sullivan, was the owner of the disputed shares. The trial court found in favor of the plaintiff, and issued a judgment declaring that he was the owner of 50% of the shares of Stemar and Marnia.

First, contrary to the defendants' contention, CPLR 4519, the so-called Dead Man's Statute, did not preclude the plaintiff's testimony concerning his transactions or communications with William Sullivan, as that testimony was offered against the interests of the estate of Helen Sullivan, and not "against the executor, administrator or survivor" of William Sullivan (CPLR 4519; *see Matter of Zalk*, 10 NY3d 669 [2008]; *Matter of Travers v Brown*, 72 AD3d 979 [2010]; *Brezinski v Brezinski*, 84 AD2d