■ In the Matter of Juan C. Lopez, Respondent, v Felicia J. Alvarez, Appellant. [17 NYS3d 658]—Appeal from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated August 25, 2014. The order, after a hearing, granted the father's petition to modify an order of that court dated January 5, 2012, so as to award him sole custody of the subject child.

Ordered that the order dated August 25, 2004, is affirmed, without costs or disbursements.

To modify an existing custody order, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Oakley v Cond-Arnold*, 130 AD3d 737 [2015]; *Matter of Covington v Ray*, 130 AD3d 721 [2015]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774 [2009]).

Deference should be accorded to the credibility determinations of the hearing court, which saw and heard the witnesses, and the hearing court's determination should not be set aside unless it lacks sound and substantial basis in the record (*see Matter of Doroski v Ashton*, 99 AD3d 902, 903 [2012]; *Matter of Cadet v Lamour*, 86 AD3d 538, 539 [2011]; *Trinagel v Boyar*, 70 AD3d 816 [2010]; *Bobinski v Bobinski*, 9 AD3d 441 [2004]). Here, the Family Court's determination that there had been a change in circumstances based on evidence that the mother had failed to comply with the visitation and communication provisions of the prior court order, and that a transfer of sole custody to the father would be in the child's best interests, has a sound and substantial basis in the record (*see Matter of Doroski v Ashton*, 99 AD3d 902, 903 [2012]; *Bobinski v Bobinski*, 9 AD3d 441 [2004]).

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly granted the father's petition to award him sole custody of the parties' child. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.