■ MICHAEL PATANELLA, Respondent, v CYNTHIA KEVENEY, Appellant. [43 NYS3d 429]—

Appeal by the defendant from a judgment of divorce of the Supreme Court, Suffolk County (David T. Reilly, J.), entered November 19, 2015. The judgment, insofar as appealed from, upon a decision and order of that court dated July 22, 2015, made after a nonjury trial, awarded the plaintiff custody of the parties' minor child and awarded the defendant attorneys' fees in the sum of only $15,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in July 2008. Within days of returning from their honeymoon, the defendant left the marital residence located on Long Island, and, over a period of several months, moved into various apartments in New York City. The plaintiff commenced this action for a divorce and ancillary relief in October 2009. Thereafter, the parties went through periods of attempted reconciliation, during which their child was conceived. The child was born in New York City in 2011, during the pendency of the divorce action. Three months later, the defendant moved with the child to New Jersey, and thereafter moved several times to various residences in New Jersey, while the plaintiff continued to reside in his Long Island home.

By stipulation dated December 2, 2011, the parties, both represented by counsel, agreed to a temporary parenting schedule. However, the plaintiff was forced to engage in litigation to enforce that schedule.

After a nonjury trial in 2014, the Supreme Court, inter alia, awarded the plaintiff custody of the subject child and awarded the defendant attorneys' fees in the sum of $15,000. On appeal, the defendant contends that she should have been awarded custody of the child and that the attorneys' fees award was inadequate to cover her legal expenses.

The Supreme Court's determination that an award of custody to the plaintiff would be in the child's best interests has a sound and substantial basis in the record and, thus, will not be

disturbed (*see Fenech v Fenech,* 141 AD3d 683, 684 [2016]; *Matter of Lawlor v Eder,* 106 AD3d 739, 740 [2013]). The court, after determining that the defendant lacked credibility, concluded that the plaintiff would provide the child with a more stable home. The defendant's failure to comply with the parties' stipulation with respect to custody, based upon excuses which were not credited by the court, called into question her relative fitness as custodial parent (*see Matter of Lawlor v Eder,* 106 AD3d at 740). Contrary to the defendant's contention, a review of the court's decision indicates that it gave careful consideration to all relevant factors in making its determination (*see Matter of Martinez v Hyatt,* 86 AD3d 571, 572 [2011]).

In light of the circumstances of this case, we decline to disturb the Supreme Court's award of attorneys' fees to the defendant in the sum of $15,000. An award of attorneys' fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey,* 259 AD2d 472, 473 [1999]; *see Gruppuso v Caridi,* 66 AD3d 838, 839 [2009]). In determining whether to award attorneys' fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Prichep v Prichep,* 52 AD3d 61, 64-65 [2008]). The court did not improvidently exercise its discretion in awarding the defendant $15,000 in attorneys' fees under the circumstances of this case.

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.