■ DEBORAH BAGIELTO, Respondent, v KAREN KOLSCH, Appellant. [48 NYS3d 741]—

Appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 14, 2014, and a money judgment of that court entered December 22, 2014. The order awarded the plaintiff an attorney's fee in the sum of $30,000. The money judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $30,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed, as the order was superseded by the money judgment.

In a matrimonial action, an award of an attorney's fee is a matter committed to the sound discretion of the trial court (*see Cusumano v Cusumano*, 96 AD3d 988 [2012]). An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) "will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see Chesner v Chesner*, 95 AD3d 1252 [2012]; *Palmeri v Palmeri*, 87 AD3d 572 [2011]; *Fredericks v Fredericks*, 85 AD3d 1107 [2011]). In determining whether to award an attorney's fee, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties' positions (*see Chesner v Chesner*, 95 AD3d 1252 [2012]; *Chaudry v Chaudry*, 95 AD3d 1058 [2012]; *Perry v Perry*, 88 AD3d 861 [2011]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $30,000. In reaching this determination, the court properly considered the relative financial circumstances of the parties, and the particular circumstances of the case (*see Turner v Turner*, 130 AD3d 609 [2015]; *Matter of Brink v Brink*, 55 AD3d 601, 602 [2008]; *Ventimiglia v Ventimiglia*, 36 AD3d 899 [2007]). Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.