Appeal by the plaintiff from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated February 26, 2016, and appeals by the plaintiff and the child from an order of that court dated February 29, 2016. The order dated February 26, 2016, insofar as appealed from, denied the plaintiff’s motion, inter alia, to strike an updated forensic mental health report, or, in the alternative, for leave to cross-examine the court-appointed forensic expert on the updated forensic mental health report. The order dated February 29, 2016, granted that branch of the defendant’s cross motion which was to modify prior orders of custody and visitation incorporated into the parties’ judgment of divorce so as to award him sole legal and physical custody of the parties’ child.
Ordered that the order dated February 26, 2016, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff’s motion which was for leave to cross-examine the court-appointed forensic expert on the updated forensic mental health report and substituting therefor a provision granting that branch of the motion; as so modified, the order dated February 26, 2016, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, West-chester County, for the sole purpose of allowing cross-examination of the court-appointed forensic expert on the updated forensic mental health report, and thereafter for a report setting forth the Supreme Court’s findings with respect thereto in accordance herewith, and the appeals from the order dated February 29, 2016, are held in abeyance pending receipt of the Supreme Court’s report, which shall be filed not later than 45 days from the date of this decision and order.
The plaintiff and the defendant in this postjudgment matrimonial litigation are the mother and father of the subject child. *581 In an order dated July 2, 2014, the Supreme Court granted that branch of the defendant’s cross motion which was to modify prior orders of custody and visitation incorporated into the parties’ judgment of divorce so as to award him sole legal and physical custody of the child. On appeal, this Court reversed that order on the basis that the Supreme Court had failed to conduct an in camera examination of the child and had relied upon a forensic report that, by the date the court issued its determination, was more than 2½ years old (see E.V. v R.V., 130 AD3d 920 [2015]). This Court remitted the matter to the Supreme Court, Westchester County, for “a re-opened expedited hearing solely to receive an updated forensic mental health evaluation,” for an in camera examination of the child, and for a new determination thereafter (id. at 921).
Upon remittitur, the court-appointed forensic evaluator performed a new evaluation and submitted an updated forensic mental health report (hereinafter the updated report). The plaintiff then moved, inter alia, to strike the updated report or, in the alternative, for leave to cross-examine the forensic evaluator regarding the updated report. In an order dated February 26, 2016, the Supreme Court denied the motion. In an order dated February 29, 2016, the court granted that branch of the defendant’s cross motion which was to modify the prior orders of custody and visitation so as to award him sole legal and physical custody of the child. The plaintiff appeals from the order dated February 26, 2016, and the plaintiff and the child appeal from the order dated February 29, 2016.
The Supreme Court properly denied that branch of the plaintiff’s motion which was to strike the updated report, as the plaintiff failed to identify any deficiency in the updated forensic mental health evaluation conducted by the forensic evaluator that would warrant such relief (see Matter of Chana J.A. v Barry S., 135 AD3d 743, 744 [2016]; see also Lieberman v Lieberman, 142 AD3d 1144, 1145 [2016]). Nor are there grounds for appointing a new forensic evaluator.
The Supreme Court properly declined to re-open the custody hearing for the purpose of receiving further evidence, as a 44-day hearing was already held on the issue of change of custody (cf. S.L. v J.R., 27 NY3d 558 [2016]), and the matter was remitted to the Supreme Court, Westchester County, for the limited purpose of receiving the updated forensic mental health evaluation and an in camera examination of the child (see E.V. v R.V., 130 AD3d at 921). However, in receiving the updated report pursuant to this Court’s order, the Supreme Court should have permitted the plaintiff to cross-examine the foren *582 sic evaluator with respect to the updated report (see 22 NYCRR 202.16 [g] [2]; Ekstra v Ekstra, 49 AD3d 594, 595 [2008]).
The plaintiffs remaining contentions on the appeal from the order dated February 26, 2016, are without merit, as, under the particular circumstances of this case, the plaintiff was not entitled to any of the remaining relief sought.
Accordingly, we remit the matter to the Supreme Court, Westchester County, for the sole purpose of permitting cross-examination of the forensic evaluator with respect to the updated report. Thereafter, the Supreme Court shall issue a report setting forth its findings derived from the cross-examination and setting forth whether the testimony received would have changed its determination set forth in the order dated February 29, 2016. Pending receipt of the Supreme Court’s report, we hold in abeyance the appeals from the order dated February 29, 2016. We decide no other issues on the appeals from the order dated February 29, 2016, at this time.
Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.