E.V. v R.V. (2018 NY Slip Op 06589)





E.V. v R.V.


2018 NY Slip Op 06589


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-02286
 (Index No. 10602/07)

[*1]E.. (Anonymous), plaintiff-appellant, 
v
R.. (Anonymous), respondent; G.. (Anonymous), nonparty-appellant.


Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino and Collier Halpern & Newberg, LLP, White Plains, NY, of counsel), for plaintiff-appellant.
George E. Reed, Jr., White Plains, NY, for nonparty-appellant.
Ronald J. Bavero, White Plains, NY (Timothy M. Tippins of counsel), for respondent.
Sidley Austin LLP, New York, NY (James D. Arden and Dana R. Angood of counsel), for amici curiae Domestic Violence Legal Empowerment and Appeals Project, Sanctuary for Families, New York Legal Assistance Group, and Her Justice.



DECISION & ORDER
In postjudgment matrimonial litigation, the mother and the child appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated February 29, 2016. The order granted that branch of the father's cross motion which was to modify prior orders of custody and visitation incorporated into the parties' judgment of divorce so as to award him sole legal and physical custody of the parties' child. By decision and order of this Court dated August 2, 2017, inter alia, the matter was remitted to the Supreme Court, Westchester County, for the sole purpose of allowing cross-examination of the court-appointed forensic expert on an updated forensic mental health report, and thereafter for a report setting forth the Supreme Court's findings derived from the cross-examination and the appeals from the order dated February 29, 2016, were held in abeyance in the interim. The Supreme Court, Westchester County, has now filed its report.
ORDERED that the order dated February 29, 2016, is affirmed, without costs or disbursements.
In this postjudgment matrimonial litigation, the plaintiff is the mother, and the defendant is the father, of the subject child. In an order dated July 2, 2014, the Supreme Court granted that branch of the father's cross motion which was to modify prior orders of custody and visitation incorporated into the parties' judgment of divorce so as to award him sole legal and physical custody of the child. That order was reversed on appeal, and the matter was remitted to the Supreme Court, Westchester County, for an updated forensic mental health evaluation and reopened hearing, an in camera examination of the child, and a new determination thereafter (see E.V. v R.V., 130 AD3d 920).
Upon remittitur, the court-appointed forensic evaluator performed a new evaluation and submitted an updated forensic mental health report (hereinafter the updated report). The mother then moved, inter alia, to strike the updated report or, in the alternative, for leave to cross-examine the forensic evaluator regarding the updated report. In an order dated February 26, 2016, the Supreme Court denied the motion. In an order dated February 29, 2016, the court granted that branch of the father's cross motion which was to modify the prior orders of custody and visitation so as to award him sole legal and physical custody of the child. The mother appealed from the order dated February 26, 2016, and the mother and the child appealed from the order dated February 29, 2016.
On appeal, this Court modified the February 26, 2016, order and held in abeyance the appeal from the order dated February 29, 2016, to give the mother an opportunity to cross-examine the forensic evaluator with respect to the updated report (see E.V. v R.V., 153 AD3d 580). The Supreme Court was directed to file a report setting forth its findings derived from the cross-examination and setting forth whether the testimony received would have changed its determination. The Supreme Court has filed its report, setting forth its findings and reaffirming its determination in the February 29, 2016, order that the father should have sole legal and physical custody of the child.
Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (see Matter of Sidorowicz v Sidorowicz, 101 AD3d 737; Matter of Englese v Strauss, 83 AD3d 705; Matter of Said v Said, 61 AD3d 879). Parental alienation of a child from the other parent, including willful interference with his or her visitation rights, is "an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (Entwistle v Entwistle, 61 AD2d 380, 384-385; see Matter of Lawlor v Eder, 106 AD3d 739; Matter of Doroski v Ashton, 99 AD3d 902). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Supreme Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174; Matter of Doroski v Ashton, 99 AD3d at 903).
Here, the Supreme Court's determinations that there had been a change in circumstances, and that a transfer of sole legal and physical custody to the father would be in the child's best interests, has a sound and substantial basis in the record and, thus, will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Lawlor v Eder, 106 AD3d at 740; Matter of Doroski v Ashton, 99 AD3d at 903; cf. Matter of Martinez v Hyatt, 86 AD3d 571). The evidence presented at the hearing established, inter alia, that the mother acted to alienate the child from the father and that the father was more willing than the mother to assure meaningful contact between the child and the other parent (see Musachio v Musachio, 137 AD3d 881, 883; see also Matter of Martinez v Hyatt, 86 AD3d 571; Matter of Tori v Tori, 67 AD3d 1021). Further, the court's determination is supported by the recommendation of the court-appointed forensic evaluator, which, while not determinative, is entitled to some weight (see Matter of Shannon J. v Aaron P., 111 AD3d 829, 831; Baker v Baker, 66 AD3d 722, 723-724).
The mother's remaining contentions are without merit.
Accordingly, we affirm the order modifying prior orders of custody and visitation so as to award the father sole legal and physical custody of the parties' child.
BALKIN, J.P., ROMAN, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court