Kadosh v Kadosh (2019 NY Slip Op 00981)





Kadosh v Kadosh


2019 NY Slip Op 00981


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8359 651834/10 650048/13

[*1]Michel Kadosh, etc., Plaintiff-Respondent,
v
David Kadosh, Defendant-Appellant, 114 W. 71St Street, LLC, et al., Defendants. [And Other Actions]


Martino & Weiss, Rye Brook (Douglas J. Martino of counsel), for appellant.
David J. Aronstam, New York, for respondent.



Appeal from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 3, 2017, which awarded plaintiff the entire amount held in escrow by a court-appointed receiver, unanimously dismissed, without costs.
Plaintiff commenced this action against his brother, defendant David Kadosh, alleging that defendant had failed to pay his share of expenses for work performed at a building owned by a limited liability company of which the brothers were equal members. Plaintiff also alleged that defendant had breached an oral joint venture agreement to pool the profits from the LLC's building with the profits from two buildings owned by defendant, and split the profits evenly between them. Defendant subsequently filed an action for judicial dissolution of the LLC, and a temporary receiver was appointed to sell the LLC's building.
The stipulation between plaintiff and defendant, made in open court, setting forth the manner of resolving the parties' claims and waiving their rights to appeal the trial court's determination, is binding on defendant (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Matter of Department of Social Servs. v Herbert R., 213 AD2d 636 [2d Dept 1995]; Stern v Stern, 304 AD2d 649, 649-650 [2d Dept 2003], lv denied 100 NY2d 508 [2003]). The record does not support defendant's claim that he entered into the stipulation based on a unilateral mistake (see Structured Asset Sales Group LLC v Freeman, 45 AD3d 327, 328 [1st Dept 2007]; Pasteur v Manhattan & Bronx Surface Tr. Operating Auth., 241 AD2d 305, 305-306 [1st Dept 1997]). Prior to the terms of the stipulation being read in open court, defendant conferred with counsel and agreed that the trial court's determination would be final, that the court would not be required to issue a reasoned decision, and that he would waive his right to appeal. Although the trial court indicated that it would review the evidence, it never stated that it would issue a reasoned decision. Finally, defendant later confirmed, on the record, that he agreed to waive his right to appeal and understood that he would not have an opportunity to obtain a detailed, reasoned decision.
We have considered defendant's remaining arguments and find them to be unavailing. [*2]We have also considered plaintiff's request for sanctions pursuant to Part 130 of the Rules of the Chief Administrator (22 NYCRR 130-1.1 et seq.). We decline to impose sanctions in this case (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 594-595 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK