Cohen v Cohen (2019 NY Slip Op 03765)





Cohen v Cohen


2019 NY Slip Op 03765


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09267
2017-09748
 (Index No. 1100/10)

[*1]Michal Cohen, respondent, 
v
Guy Cohen, appellant.


Banks Curran Schwam and Squirrell, LLP, Mount Kisco, NY (David J. Squirrell of counsel), for appellant.
Kathleen M. Valletta, Carmel, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated July 22, 2016, and (2) a money judgment of the same court (James T. Rooney, J.) entered June 5, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for the reimbursement of the costs of preparing qualified domestic relations orders necessary to effectuate the terms of the second amended judgment of divorce, for enforcement of the second amended judgment of divorce, and for an award of an attorney's fee, granted that branch of the defendant's motion which was for reimbursement of health insurance premiums for the parties' child in the sum of only $441.60, and denied that branch of the defendant's motion which was for reimbursement of a portion of funds that were withdrawn by the plaintiff from a certain bank account. The money judgment is in favor of the plaintiff and against the defendant in the principal sum of $48,940.98.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the money judgment; and it is further,
ORDERED that the money judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff judgment against the defendant in the principal sum of $48,940.98 and substituting therefor a provision awarding the plaintiff judgment against the defendant in the principal sum of $48,574.32; as so modified, the money judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Following the entry of the parties' second amended judgment of divorce, the plaintiff moved to enforce its terms and for reimbursement of the costs of preparing qualified domestic relations orders (hereinafter QDROs) for the parties' 401(k) and pension plans, and for an award of an attorney's fee. The defendant cross moved, inter alia, for reimbursement of medical insurance premiums he paid for the parties' child. In an order dated July 22, 2016, the Supreme Court authorized an offset of the amounts awarded to the defendant against the amounts awarded to the plaintiff and granted the plaintiff's motion for a judgment enforcing the second amended judgment of divorce in the amount of $37,888.70 for the shortfall owed to her, awarded the plaintiff the defendant's share of the cost of preparing QDROs, and awarded an attorney's fee. The court awarded the defendant reimbursement of $441.60 in health insurance premiums and $87.84 in noncovered healthcare costs for the child. The defendant appeals from the order and the ensuing [*2]money judgment.
We agree with the Supreme Court's determination awarding the plaintiff the sum of $675 relating to the costs of the preparation of the QDROs based on the plain language of the second amended judgment of divorce, which provided that the parties would share all such costs equally. The court did not err in declining to include a certain joint account in the offset of the amounts awarded to the defendant against the amounts awarded to the plaintiff, since the offset included only accounts in the exclusive control of one of the parties and not any of the parties' joint accounts.
We agree with the defendant's contention that the Supreme Court should have awarded him reimbursement of the plaintiff's share of the child's health insurance premiums that he paid, but only for the period of January 2015 through January 2016. The court awarded the defendant reimbursement in the sum of only $441.60, which represented the plaintiff's share of the child's health insurance premiums that the defendant had paid for May 2014 through December 2014. The defendant submitted sufficient evidence that he paid $68 per month for the child's health insurance premiums in 2015 and $71 per month in 2016. We therefore modify the money judgment to reflect a credit in the defendant's favor in the amount of $867.36, representing the total sum owed by the plaintiff to the defendant for the reimbursement of health insurance premiums for the period of May 2014 through January 2016.
In light of the relative merits of the parties' positions on the motion and cross motion and the defendant's repeated attempts to delay resolution of the action, the award of an attorney's fee to the plaintiff was appropriate (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Ostrower v Ostrower, 148 AD3d 819, 820; Bagielto v Kolsch, 148 AD3d 766, 766).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court