Lopez v Lopez (2023 NY Slip Op 05719)

Lopez v Lopez

2023 NY Slip Op 05719

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07448
 (Index No. 201637/18)

[*1]Anthony Lopez, respondent, 
v
Bertha Lopez, appellant.

Bamundo Zwal Schermerhorn & Caffrey LLP, New York, NY (James M. Caffrey and Erin P. Ryan of counsel), for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered September 28, 2021. The order granted the plaintiff's motion for an award of attorneys' fees to the extent of awarding the plaintiff attorneys' fees in the sum of $12,500.
ORDERED that the order is affirmed, without costs or disbursements.
During the pendency of this action for a divorce and ancillary relief, the plaintiff moved for an award of interim attorneys' fees in the sum of $75,000. Prior to the determination on the motion, the parties settled all other issues in the action, except for the issue of attorneys' fees. The parties agreed that the final determination of attorneys' fees would be made upon the plaintiff's motion for an award of interim attorneys' fees.
In an order entered September 28, 2021, the Supreme Court granted the plaintiff's motion to the extent of awarding the plaintiff attorneys' fees in the sum of $12,500. The defendant appeals, and we affirm.
"An award of attorneys' fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case'" (Patanella v Keveney, 145 AD3d 686, 687, quoting Morrissey v Morrissey, 259 AD2d 472, 473). "In determining whether to award an attorney's fee, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties' positions" (Bagielto v Kolsch, 148 AD3d 766, 766). "The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (McMahon v McMahon, 120 AD3d 1316, 1316).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff attorneys' fees in the sum of $12,500. In reaching this determination, the court properly considered the relative financial circumstances of the parties and the particular circumstances of the case (see Bagielto v Kolsch, 148 AD3d at 766; Patanella v Keveney, 145 AD3d at 687).
The defendant's remaining contention is without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court