In the Matter of SLAWOMIR HERMANOWSKI, Respondent, v SHARI HERMANOWSKI, Appellant. [869 NYS2d 587]—

In a stipulation of settlement which was incorporated but not

merged into the parties' judgment of divorce entered June 7, 2000 the parties agreed that the mother would be awarded custody of the parties' then three-year-old daughter, with a visitation schedule for the father. The instant proceeding was commenced on or about July 25, 2007 when the father sought to modify the parties' judgment of divorce to award him increased visitation with their daughter.

One who seeks to modify an existing order of visitation is not automatically entitled to a hearing, but must make a showing that there has been a subsequent change of circumstances and that modification is in the subject child's best interest (*see* Family Ct Act § 467 [b]; § 652 [b]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-382 [2004]; *Matter of Shockome v Shockome*, 53 AD3d 618, 619 [2008]). Here, the father met that burden. The father moved from the state of New York to the state of Ohio for employment and was thus unable to take full advantage of the existing visitation schedule. Furthermore, the parties' daughter was 3 years old when the parties agreed to the stipulation of settlement and she was 11 years old at the time of the father's petition, and she was in favor of increased visitation with him.

Based upon the evidence adduced at the hearing, the Family Court's determination that the father should be awarded four consecutive weeks of summer visitation with the subject child, and that the parties should alternate visitation during the winter and spring school recesses, was in the child's best interest. We discern no basis in the record to disturb the Family Court's determination that the father should be permitted to travel with the child outside of the United States (*see Matter of Puran v Murray*, 37 AD3d 472 [2007]).

The mother's remaining contention is without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.