■ In the Matter of MARCUS MURPHY, Respondent, v ELYSSA LEWIS, Appellant. (Proceeding No. 1.) In the Matter of ELYSSA LEWIS, Appellant, v MARCUS MURPHY, Respondent. (Proceeding No. 2.) [966 NYS2d 175]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Greenwald, J.), entered January 26, 2012, which, after a hearing, granted the father's petition for physical custody of the subject child and, in effect, denied her cross petition for physical custody of the subject child.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a new hearing and new determination of the petition and the cross petition; and it is further,

Ordered that pending the new hearing and new determination, the provisions of the order entered January 26, 2012,

regarding custody and visitation of the subject child shall remain in effect.

The essential consideration in any custody dispute is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the child, the court must evaluate the totality of the circumstances (*see id.* at 171; *Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007]; *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). This Court's authority in custody determinations is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we "would be seriously remiss if, simply in deference to the finding of a Trial Judge," we allowed a custody determination to stand where it lacks a sound and substantial basis in the record (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *see Matter of Moran v Cortez*, 85 AD3d 795, 796 [2011]; *Matter of Marrero v Centeno*, 71 AD3d 771 [2010]; *Matter of Larkin v White*, 64 AD3d 707, 708-709 [2009]).

Under the particular facts of this case, the Family Court improvidently exercised its discretion when it did not sign a subpoena proffered by the mother so as to permit her the opportunity to present certain medical treatment records to rebut the allegations asserted against her. The subject medical treatment records were relevant to the issue of whether an award of physical custody to the father was in the best interests of the subject child, and should have been considered by the Family Court (*cf. Matter of Roldan v Nieves*, 51 AD3d 803, 805 [2008]).

However, contrary to the mother's contention, the Family Court providently exercised its discretion in declining to conduct an in-camera interview of the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]; *Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011]; *Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006]).

In light of the foregoing and under the circumstances of this case, we deem it appropriate to remit the matter to the Family Court, Westchester County, for a new hearing and a new determination of the petition and the cross petition (*see Matter of Fleischman v Hall*, 88 AD3d 1000, 1001 [2011]). In the interim and until further order of the Family Court, Westchester County, the provisions of the order entered January 26, 2012, regarding custody and visitation of the subject child, shall remain in effect. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.