◼ In the Matter of QUINCY THORPE, Respondent, v MURIELLE HOMOET, Appellant. [983 NYS2d 629]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Cannataro, J.), dated December 20, 2012, as, after a hearing, granted, in part, the father's petition for joint custody of the parties' child and denied, in part, her cross petition for sole custody of the child to the extent of awarding her sole medical and educational decision-making authority, and awarding joint decision-making authority with respect to all other custodial matters.

Ordered that the order is affirmed insofar as appealed from, with costs.

In making an initial custody determination, the court must consider what arrangement is in the best interests of the children under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *see also Scholar v Timinisky*, 87 AD3d 577, 578 [2011]). A custody determination depends greatly "upon an assessment of the character and credibility of parties and witnesses" (*Matter of Langlaise v Sookhan*,

48 AD3d 685, 685 [2008]). Because the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination "is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]).

Contrary to the mother's contention, the Family Court did not err in granting her cross petition for sole custody only to the extent that she "shall have sole medical and educational decision-making authority," for the subject child and in granting the father's petition for joint custody to the extent that "the parents will have joint decision-making authority with respect to all other custodial matters outside the spheres of medical and educational needs." Although it is evident that there is some antagonism between the parties, it is also apparent that both parties generally behave appropriately with the child and in a relatively civilized fashion toward each other. Furthermore, there is no evidence that they are so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the child. Under these circumstances, the Family Court's determination has a sound and substantial basis in the record (*see Matter of Carter v Carter*, 111 AD3d 715, 716 [2013], *lv denied* 22 AD3d 863 [2014]; *Prohaszka v Prohaszka*, 103 AD3d 617, 618 [2013]). Rivera, J.P., Lott, Roman and Cohen, JJ., concur.