■ In the Matter of VIDYA BOODHOO, Respondent, v KOMAL RAMPERSAUD, Appellant. [996 NYS2d 303]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Perry, J.), dated September 4, 2013, as, after a hearing, granted the mother's petition to modify a final order of custody and visitation of the same court (Toussaint, J.), dated October 11, 2007, inter alia, awarding the parties joint legal custody of the subject children, with physical custody to the father, so as to award the mother sole legal and physical custody of the children.

Ordered that the order dated September 4, 2013, is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]; *Matter of Cooper v Robertson*, 97 AD3d 743 [2012]; *Matter of Tobar v Velez-Molina*, 95 AD3d 1224 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *McCance v DeWitt*, 118 AD3d 759 [2014]; *Matter of Nava v Kinsler*, 85 AD3d 1186 [2011]). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Cruz v Cruz*, 118 AD3d 780 [2014]; *Matter of Cornejo v Salas*, 110 AD3d 1068 [2013]). Here, the Family Court's determinations that there had been a change in circumstances, and that an award of sole custody to the mother would be in the children's best interests, have a sound and substantial basis in the record, and thus, should not be disturbed (*see Matter of Luo v Yang*, 103 AD3d 636 [2013]; *Matter of Doroski v Ashton*, 99 AD3d 902 [2012]). Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.