■ BEVERLY M. BONO, Appellant, v KENNETH R. BONO, Respondent. [6 NYS3d 638]—Appeal from an judgment of the Supreme Court, Suffolk County (William J. Kent, J.), entered July 23, 2014. The judgment, insofar as appealed from, after a nonjury trial, inter alia, awarded physical custody of the parties' child to the defendant, established a visitation schedule for the plaintiff, and awarded the defendant child support in the sum of $400 per week. By decision and order on motion dated August 28, 2014, this Court granted that branch of the plaintiff's motion which was to stay enforcement of so much of the judgment as established a visitation schedule and directed that the plaintiff have visitation with the child in accordance with the parties' March 19, 2013, stipulation, pending hearing and determination of the appeal.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof providing that the plaintiff have visitation with the parties' child on alternate weekends from Thursday after school until Sunday at 7:00 p.m., and substituting therefor a provision providing that the plaintiff shall have visitation with the child from Saturdays at 8:00 p.m. until Tuesdays at 8:00 p.m., with alternating Wednesdays; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court's determination that it was in the child's best interests to award physical custody to the defendant has a sound and substantial basis in the record. Accordingly, we decline to disturb it (see *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]; *Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]). However, it is appropriate to expand the plaintiff's visitation with the child to the extent indicated, which is the visitation schedule that has been in effect since March 19, 2013 (see *Matter of Tabares v Tabares*, 64 AD3d 661, 662 [2009]; *Matter of Gartmond v Conway*, 40 AD3d 1094, 1095 [2007]).

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental

income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]). Where combined parental income exceeds the statutory cap—in this case, $141,000 (*see* Social Services Law § 111-i [2] [b])—the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), or to apply the statutory percentages, or to apply both (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Freeman v Freeman*, 71 AD3d at 1144). Here, the Supreme Court providently exercised its discretion in establishing the plaintiff's child support obligation through the application of both the statutory percentage and the factors set forth in Domestic Relations Law § 240 (1-b) (f) (*see Powers v Wilson*, 56 AD3d 639, 642 [2008]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.