■ In the Matter of Donna M. Stones, Appellant, v Erick J. Vandenberge, Respondent. (Proceeding No. 1.) In the Matter of Erick J. Vandenberge, Respondent, v Donna M. Stones, Appellant. (Proceeding No. 2.) [7 NYS3d 535]—

Appeals from (1) an order of the Family Court, Nassau County (Dorothy Phillips, Ct. Atty. Ref.), dated March 29, 2012, and (2) stated portions of an order of that court dated May 25, 2012. The order dated March 29, 2012, dismissed, without prejudice, the mother's petition to modify a prior order of custody and visitation of that court, so as to award her sole custody of the parties' child. The order dated May 25, 2012, inter alia, after a hearing, dismissed all other petitions filed by the mother, granted the father's petition to modify a prior order of custody and visitation of that court so as to award him sole custody of the parties' child, and set a schedule of limited visitation for the mother.

Ordered that the order dated March 29, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated May 25, 2012, is modified, on the law, by deleting the fourth, fifth, sixth, seventh, and eighth decretal paragraphs thereof regarding the mother's visitation schedule, and the matter is remitted to the Family Court, Nassau County, for updated forensic evaluations of the parties, the costs of which shall be shared equally by the parties, and for an expedited hearing in accordance herewith limited solely to the issue of the mother's visitation, and a new determination thereafter on the issue of the mother's visitation; as so modified, the order dated May 25, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that, in the interim, and until further order of the Family Court, Nassau County, the provisions of the order dated May 25, 2012, regarding the mother's visitation with the subject child shall remain in effect.

The parties are the parents of a son born in September 2003. They resided together for several years after the child's birth

and, when they separated, the child continued to reside with the mother. In 2009, pursuant to a custody petition filed by the mother, an order of custody and visitation was entered, awarding the parties joint legal custody of the child, with the mother having physical custody and final decision-making authority after meaningful consultation with the father (hereinafter the 2009 custody order). On or about February 18, 2010, the mother filed a petition to modify the 2009 custody order, seeking sole custody of the child. On or about June 8, 2010, the father also filed a petition to modify the 2009 custody order, seeking sole custody of the child, with supervised visitation by the mother.

A hearing on the mother's petition commenced in June 2010, during which reports prepared by a court-appointed forensic evaluator were received in evidence. Approximately 10 months later, on March 16, 2011, immediately before the forensic evaluator was to begin his third day of testimony, the mother engaged in an ex parte communication with the forensic evaluator, during which she provided him with copies of various email correspondence and medical records. Upon learning of this, the Family Court disqualified the forensic evaluator as a witness, struck his testimony and reports from the record, and dismissed the mother's petition. The dismissal was without prejudice to the mother filing a new petition, on the condition that a new forensic evaluation be conducted at the mother's expense.

Upon dismissal of the mother's petition, the Family Court immediately commenced a hearing on the father's petition, taking judicial notice of the testimony that had already been given at the hearing on the mother's petition. On March 17, 2011, the mother filed a new petition to modify the 2009 custody order. However, a new forensic evaluation was never obtained and no hearing was conducted on the mother's new petition. Moreover, following the conclusion of the hearing on the father's petition, the court issued an order dated March 29, 2012, dismissing the mother's second petition without prejudice, and a subsequent order dated May 25, 2012, granting the father's petition to the extent of awarding him sole custody of the child. The court further granted the father, inter alia, final decision-making authority with regard to the child's medical and educational needs. The court awarded the mother visitation with the child, inter alia, twice per week, with no overnight or extended visitation, and further dismissed any outstanding petitions filed by the mother. The mother appeals from both orders.

"To warrant modification of an existing court-sanctioned child custody arrangement, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child" (*Matter of Lombardi v Valenti*, 120 AD3d 817, 818 [2014], quoting *Matter of Cortez v Cortez*, 111 AD3d 717, 717 [2013]; *see* Family Ct Act § 652 [a]; *Matter of Morillo v Nunez*, 91 AD3d 875, 876 [2012]). "In determining the best interests of the child, the court must evaluate the totality of the circumstances" (*Matter of Murphy v Lewis*, 106 AD3d 1091, 1092 [2013]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Boodhoo v Rampersaud*, 122 AD3d 624, 625 [2014]; *see Matter of Guiracocha v Amaro*, 122 AD3d 632 [2014]).

Contrary to the mother's contention, there was sufficient evidence in the hearing record both to demonstrate the requisite change in circumstances and to support the Family Court's determination modifying the 2009 custody order by awarding custody to the father. While it would have been preferable for the court to consider forensic evaluations of the parties and the child in reaching its custody determination, under the particular circumstances of this case, there was ample testimony and documentary evidence upon which the court could determine the best interests of the child. The custody determination has a sound and substantial basis in the record, and we discern no basis for disturbing it.

However, the limited frequency and duration of the visitation awarded to the mother is not supported by the record. "Absent extraordinary circumstances, such as where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (*Matter of Zwillman v Kull*, 90 AD3d 774, 775 [2011]; *see Matter of Rodriguez v Silva*, 121 AD3d 794, 795 [2014]; *Matter of Rivera v Fowler*, 112 AD3d 835, 836 [2013]). "When adjudicating visitation rights, the court's first concern is the welfare and interests of the child. The best interests of the child lie in being nurtured and guided by both parents. In order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, visitation must be frequent and regular" (*Matter of Orellana v Orellana*, 112 AD3d 720, 721 [2013] [citation and internal quotation marks omitted]).

Here, the evidence adduced at the hearing did not warrant

the narrowly circumscribed visitation schedule awarded to the mother, and a more liberal schedule of visitation would foster the best interests of the child by permitting the continued development of a meaningful, nurturing relationship between the mother and the child (*see Matter of Orellana v Orellana,* 112 AD3d 720 [2013]). Accordingly, we remit the matter to the Family Court, Nassau County, for an expedited hearing and a new determination limited solely to the issue of the mother's visitation. Given the passage of time since the issuance of the orders appealed from, the hearing and determination should be preceded by updated forensic evaluations of the parties and the child, the cost of which is to be shared equally by the parties. In the interim, and until further order of the Family Court, Nassau County, the provisions of the order dated May 25, 2012, regarding visitation shall remain in effect.

The mother's remaining contentions are without merit. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.