■ In the Matter of MARIA SANDERS, Appellant, v KEVIN BALLEK, Respondent. [24 NYS3d 219]—

Appeals from (1) an order of custody and visitation of the Family Court, Queens County (John M. Hunt, J.), dated May 8, 2014, and (2) a decision of that court dated September 17, 2014. The order of custody and visitation, after a hearing, inter alia, awarded sole legal and physical custody of the subject child to the father and certain visitation to the mother.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a deci-

sion (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of custody and visitation is modified, on the facts and in the exercise of discretion, by adding a provision thereto directing the parties to determine a schedule for weekday, holiday, birthday, and vacation visitation for the mother; as so modified, the order of custody and visitation is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The parties were never married and have one child in common. The mother filed a petition pursuant to Family Court Act article 6 seeking, inter alia, custody of the subject child. After a hearing, the Family Court, inter alia, awarded sole legal and physical custody of the subject child to the father and certain visitation to the mother.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). To determine the best interests of the child, the court is to consider various factors, including "the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]).

Here, the Family Court's determination that an award of legal and physical custody to the father was in the best interests of the child had a sound and substantial basis in the record (*see Matter of McFarlane v Newton*, 127 AD3d 1199 [2015]; *Matter of Norfleet v Williams*, 116 AD3d 865 [2014]; *Matter of Battista v Fasano*, 41 AD3d 712 [2007]). However, under the circumstances of this case, it is appropriate to expand the mother's visitation schedule (*see Bono v Bono*, 127 AD3d 905 [2015]). The court granted the mother visitation with the child on Sundays from 12:00 p.m. until 6:00 p.m. A more liberal visitation schedule would foster the best interests

of the child by permitting the continued development of a meaningful, nurturing relationship between the mother and the child (*see Matter of Stones v Vandenberge*, 127 AD3d 1213 [2015]). Thus, in addition to the visitation provided by the court, it is appropriate to add an additional period of visitation to the mother, one weekday during the week, from the conclusion of school until 7:00 p.m., upon the parties' consent as to the day of the week and the logistics of such visitation. It is also appropriate to grant the mother a visitation schedule for holidays, birthdays, and vacations, upon the parties' consent. In the event the parties cannot reach an agreement as to the weekday in which the additional visitation is to occur, or the mother's visitation schedule for holidays, birthdays, and vacations, or the logistics of such visitation, the court shall make such determinations. Accordingly, we must remit the matter to the Family Court, Queens County, for a determination in accordance herewith. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.