In the Matter of MELISSA BRANCH, Appellant, v ROBERT CLARK, JR., Respondent.(Proceeding No. 1.) In the Matter of ROBERT CLARK, JR., Respondent, v MELISSA BRANCH, Appellant. (Proceeding No. 2.) [37 NYS3d 910]—

Appeal by the mother from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated September 21, 2015. The order, after a hearing, granted the father's petition, in effect, to modify a prior order of that court (Bernard J.

Graham, J.) dated June 21, 2010, and a second prior order of that court (Denise M. Valme-Lundy, Ct. Atty. Ref.) dated July 11, 2012, so as to award him sole custody of the subject child, and denied the mother's petition, in effect, to modify those prior orders so as to award her sole custody of the child.

Ordered that the order dated September 21, 2015, is affirmed, without costs or disbursements.

The parties have one child together, a daughter born in October 2008. In an order dated June 21, 2010, the Family Court awarded the mother and the father joint legal and physical custody of the child. In an order dated July 11, 2012, the court modified the June 2010 order by setting forth a detailed visitation schedule. Thereafter, the mother and the father each petitioned, in effect, to modify the June 2010 and July 2012 orders so as to award each of them sole custody of the child. In an order dated September 21, 2015, the court granted the father's petition and denied the mother's petition. The mother appeals.

To warrant modification of an existing child custody order, there must be a showing of a change in circumstances, such that the modification is required to protect the best interests of the child (*see Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]; *Matter of Gelfarb v Gelfarb*, 133 AD3d 598, 599 [2015]). "In determining the best interests of the child, the court must evaluate the totality of the circumstances" (*Matter of Murphy v Lewis*, 106 AD3d 1091, 1092 [2013]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Boodhoo v Rampersaud*, 122 AD3d 624, 625 [2014]; *see Matter of Guiracocha v Amaro*, 122 AD3d 632, 633 [2014]).

Contrary to the mother's contention, there was sufficient evidence in the hearing record both to demonstrate the requisite change in circumstances and to support the Family Court's determination that an award of sole custody to the father would be in the child's best interests. The custody determination has a sound and substantial basis in the record, and we discern no basis for disturbing it (*see Matter of Boodhoo v Rampersaud*, 122 AD3d at 625). Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.