In the Matter of DENISE SPAMPINATO, Respondent, v JUSTIN MAZZA, Appellant. [58 NYS3d 501]—

Appeal by the father from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered February 2, 2016. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was for sole legal custody of the parties' child, and limited the father's visitation with the child to every week from Monday evening until Wednesday evening, and every other weekend.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the mother's petition which was for sole legal custody of the parties' child, and substituting therefor a provision awarding the parties joint legal custody of the parties' child with final decision-making authority to the mother; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father have one child together. The mother commenced this custody proceeding, seeking sole legal and physical custody of the parties' child. After a hearing, the Family Court awarded the mother sole legal and physical custody of the subject child, with visitation to the father. The father appeals from so much of the order as granted that branch of the mother's petition which was for sole legal custody and limited his visitation with the child to every week from Monday evening until Wednesday evening, and every other weekend.

"Visitation is a joint right of the noncustodial parent and of the child" (*Weiss v Weiss*, 52 NY2d 170, 175 [1981]). "Absent extraordinary circumstances where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (*Matter of Brian M. v Nancy M.*, 227 AD2d 404, 404 [1996]). "The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the [child], and it should not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Dennis D. [Justesen]*, 83 AD3d 700, 702 [2011]). Here, although the father contends that the Family Court should not have limited his visitation with the child to every week from Monday evening until Wednesday evening, and every other weekend, the visitation schedule ordered by the Family Court provides the father with meaningful time with the child (*see Matter of Levingart v Levingart*, 147 AD3d 763, 764-765 [2017]). The court's visitation determination was in the best interests of the child and has a sound and substantial basis in the record and, thus, we decline to disturb it.

However, the Family Court's determination that it was in the child's best interests to award sole legal custody to the mother lacks a sound and substantial basis in the record. "[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in a mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Matter of Wright v Kaura*, 106 AD3d 751 [2013]). "[J]oint custody is inappropriate 'where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child' " (*Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009], quoting *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 326 [1994]).

Here, although it is evident that there is some antagonism between the parties, it is also apparent that both parties generally behave appropriately with the child and in a relatively civilized fashion toward each other. Further, there is no evidence that they are so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the child (*see Matter of Thorpe v Homoet*, 116 AD3d 962, 963 [2014]). The parties were able to discuss logistical issues relating to the child's care, and they were able to make accommodations for the father to have additional visits with the child on several occasions. The mother stated that joint legal custody "[a]bsolutely" was a reasonable option.

Moreover, "the recommendations of court-appointed experts

may be considered in making custody determinations, and such recommendations are entitled to some weight, unless the opinion is contradicted by the record" (*Matter of Detwiler v Detwiler*, 145 AD3d 778, 780 [2016]; *see Matter of Edwards v Rothschild*, 60 AD3d at 677-678). The record does not contradict the mental health evaluator's opinion that joint legal custody was in the child's best interests.

Under the circumstances of this case, an award of joint legal custody with final decision-making authority to the mother is in the child's best interests. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.

Motion by the appellant to strike stated portions of the brief of the attorney for the child on an appeal from an order of the Family Court, Orange County, entered February 2, 2016, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated January 13, 2017, the motion was 'held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.