Phillips v Phillips (2020 NY Slip Op 02817)





Phillips v Phillips


2020 NY Slip Op 02817


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-05247
 (Index No. 31117/17)

[*1]Carolyn Phillips, respondent,
v
Jeffrey Phillips, appellant.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Montalbano, Condon & Frank, P.C., New City, NY (John E. Finnegan of counsel), for respondent.
Nicole Greenwald, New City, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an amended order of custody and visitation of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 25, 2019. The amended order, insofar as appealed from, upon a decision and order of the same court dated January 7, 2019, made after a nonjury trial, awarded sole legal and physical custody of the parties' children to the plaintiff.
ORDERED that the amended order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff sole legal custody of the parties' children, and substituting therefor a provision awarding the parties joint legal custody of the parties' children; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of twins (hereinafter the twins), born in 2011. Prior and subsequent to the birth of the twins, the parties and the twins, along with the plaintiff's two children from her prior marriages, resided primarily in the plaintiff's home in Valley Cottage. The parties married in April 2016. In or about September 2016, the defendant moved to a home that he owned in Ridgefield, Connecticut. The plaintiff and the twins began spending time in both Valley Cottage and Ridgefield, and by December 2016, the twins were enrolled in day care in Ridgefield. The parties' relationship deteriorated, and in March 2017, the plaintiff and the twins stopped going to Ridgefield. In March 2017, the plaintiff filed a petition in the Family Court, Rockland County, for an order of protection and a petition for sole custody of the twins, and the defendant filed a cross petition in the Family Court, Rockland County, seeking sole custody of the twins. The plaintiff also commenced this action for a divorce and ancillary relief in the Supreme Court, Rockland County, and the parties consented to a transfer of the petitions and cross petition from the Family Court to the Supreme Court, and to consolidate them with this action.
Following a trial on custody that took place over 20 days, the Supreme Court awarded the plaintiff sole legal and physical custody of the twins, with parental access to the defendant. The [*2]defendant appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in making a custody determination include which alternative will best promote stability for the child; the home environment with each parent; each parent's past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each parent to foster a relationship with the other parent'" (Matter of Boyko v Boyko, 170 AD3d 828, 828, quoting Matter of Cretella v Stephens, 160 AD3d 846, 847; see Matter of Estrada v Palacios, 148 AD3d 804, 804).
"Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard" (Matter of Scott v Thompson, 166 AD3d 627, 628; see Matter of Gooler v Gooler, 107 AD3d 712, 712). "Such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Scott v Thompson, 166 AD3d at 628; see Matter of Cretella v Stephens, 160 AD3d at 847).
Contrary to the defendant's contention, the record does not support an inference that the Supreme Court abdicated its role as fact finder by adopting portions of the plaintiff's post-trial memorandum in its decision and order. Rather, the decision and order reflects that the court engaged in a detailed analysis of the evidence presented at the trial, drew from each of the post-trial memoranda that were submitted by the plaintiff, the defendant, and the attorney for the children, and reached its own determinations (see Henery v Henery, 105 AD3d 903, 904).
The Supreme Court's determination that the best interests of the twins would be served by awarding sole physical custody to the plaintiff has a sound and substantial basis in the record. The court, which had the benefit of listening to and observing the witnesses firsthand, acknowledged that both parties had credibility issues, but also found, in essence, that both parties were competent caregivers for the twins. The evidence demonstrated that the plaintiff had been the primary caregiver for the twins, and that continuing to reside in Valley Cottage with the plaintiff, in the neighborhood and community where they had lived for their entire lives, other than a few months when they resided in Connecticut, will promote stability in the lives of the twins (see Matter of Psaros v Mitchell-Ortega, 128 AD3d 703, 704). Accordingly, we agree with the court's determination to award the plaintiff sole physical custody of the twins.
However, the Supreme Court's determination that the best interests of the twins would be served by awarding sole legal custody to the plaintiff does not have a sound and substantial basis in the record. The evidence demonstrates that, while there is some antagonism between the parties, it is not so severe that they would be unable to put their differences aside for the good of the twins and cooperate on major decisions concerning the health, education, and religion of the twins (see Matter of Spampinato v Mazza, 152 AD3d 525, 526; Matter of Thorpe v Homoet, 116 AD3d 962, 963). As testified to by the court appointed forensic evaluator, despite the parties' differences, prior to their separation they agreed on the major issues of health, education, and religion. Moreover, the plaintiff testified that, while the litigation was pending, the parties cooperated to allow for access with the twins outside regularly scheduled access, celebrated the twins' birthdays together with extended family, and shared dinners together during the other party's parental access time, and the defendant testified that they had together attended parent teacher conferences, an individualized education program meeting for one of the twins, and a school event exhibiting artwork of one of the twins. Accordingly, the court should have awarded the parties joint legal custody of the twins.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court