Matter of Munroe v Smith (2020 NY Slip Op 08066)





Matter of Munroe v Smith


2020 NY Slip Op 08066


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-01562
 (Docket Nos. V-1219-18, V-3776-18)

[*1]Matter of Rowan M. Munroe, respondent-appellant,
v
Jazzman A. Smith, appellant-respondent. (Proceeding No. 1.)
Matter of Jazzman A. Smith, appellant-respondent,
v
Rowan M. Munroe, respondent-appellant. (Proceeding No. 2.)


Christine F. Stage, Warwick, NY, for appellant-respondent.
Henry James Joseph, Brooklyn, NY, for respondent-appellant.
Kellie Stabile, Garden City, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated January 4, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was for permission to relocate with the parties' child to Georgia. The order, insofar as cross-appealed from, granted that branch of the mother's petition which was for sole legal and physical custody of the parties' child, in effect, denied the father's petition for the same relief, and made certain reductions in the father's parental access time.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the mother's petition which was for sole legal custody of the parties' child and, in effect, denying that branch of the father's petition which was for sole legal custody of the parties' child, and substituting therefor a provision granting those branches of the parties' respective petitions to the extent of awarding the parties joint legal custody of the child, and (2) by deleting the provision thereof directing that the father's parental access schedule with the child would be alternate weekends from Friday at 2:30 p.m. through Sunday at 6:30 p.m. and weekly dinner visits with the child from 2:30 p.m. until 7:30 p.m. on Wednesdays; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, to establish a new parental access schedule for the father in accordance herewith; and it is further,
ORDERED that pending the determination of a new parental access schedule, the father's parental access schedule shall be in accordance with the schedule provided in the order appealed from, or as the parties may otherwise agree.
The parties, who were never married to each other, are the parents of one child, born in 2017. The father and the mother filed petitions pursuant to Family Court Act article 6, each [*2]seeking sole legal and physical custody of the child, and the mother also sought permission to relocate with the child to Georgia. After a hearing, the Family Court, inter alia, granted that branch of the mother's petition which was for sole legal and physical custody of the child, denied that branch of the mother's petition which was for permission to relocate with the child to Georgia, and, in effect, denied the father's petition for sole legal and physical custody of the child. The mother appeals and the father cross-appeals.
In making an initial custody determination, "'[t]he court's paramount concern . . . is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Valentin v Valentin, 176 AD3d 1083, 1084, quoting Matter of Gooler v Gooler, 107 AD3d 712, 712 [internal quotation marks omitted]; see Ambrose v Ambrose, 176 AD3d 1148; Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each party's relative fitness, and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606). Since a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, deference is accorded to the court's credibility findings (see Matter of Valentin v Valentin, 176 AD3d at 1084; Matter of Turcios v Cordero, 173 AD3d 1048; Matter of Carr v Thomas, 169 AD3d 903). Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Williamson v Williamson, 182 AD3d at 604; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046).
Here, based on a review of the record, the Family Court's determination that the child's best interests would be served by awarding the mother sole physical custody of the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Lett v Green, 184 AD3d 642; Matter of Phillips v Phillips, 183 AD3d 722; Matter of Lopez v Noreiga, 182 AD3d 551).
Further, we agree with the Family Court's determination to deny that branch of the mother's petition which was for permission to relocate with the child to Georgia. That determination was supported by a sound and substantial basis in the record, as the mother did not establish by a preponderance of the evidence that the proposed relocation would serve the child's best interests (see Matter of Carr v Thomas, 169 AD3d at 904-905; Matter of Tropea v Tropea, 87 NY2d 727).
However, we disagree with the Family Court's determination that the child's best interests would be served by awarding the mother sole legal custody of the child. Although it is evident that there is some antagonism between the parties, it is also apparent that both parties generally behave appropriately with the child. Further, there is no evidence that the parties are so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the child (see Phillips v Phillips, 183 AD3d 722; Matter of Spampinato v Mazza, 152 AD3d 525, 526; Matter of Thorpe v Homoet, 116 AD3d 962, 963). Accordingly, the court should have awarded the parties joint legal custody of the child.
We also disagree with the father's parental access schedule as set forth by the Family Court. "[Parental access] is a joint right of the noncustodial parent and of the child" (Matter of Spampinato v Mazza, 152 AD3d at 526, quoting Weiss v Weiss, 52 NY2d 170, 175). "Absent extraordinary circumstances where [parental access] would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable [parental access] privileges" (Matter of Spampinato v Mazza, 152 AD3d at 526, quoting Matter of Brian M. v Nancy M., 227 AD2d 404, 404). When adjudicating parental access rights, the court's first concern is the welfare and interests of the child (see Matter of Zwillman v Kull, 90 AD3d 774, 774). The best interests of the child lie in being nurtured and guided by both parents, and in order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, parental access must be frequent and regular (see id.). As with custody, the credibility findings of the Family Court will be accorded great weight and its determinations regarding parental access will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Felty v Felty, 108 AD3d 705, 707).
Here, there was no sound and substantial basis in the record for the drastic reduction of the father's parental access time with the child. Pursuant to a temporary order dated February 23, 2018, the father had parental access time with the child from approximately 2:00 p.m. until between 7:00 and 7:30 p.m. on Monday through Thursday, and every weekend starting on Friday at approximately 2:00 p.m. until Sunday at 6:30 p.m. In the order under review, the Family Court awarded the father parenting time with the child on alternate weekends from Friday at 2:30 p.m. through Sunday at 6:30 p.m. and weekly dinner visits with the child from 2:30 p.m. until 7:30 p.m. on Wednesdays. The court provided no explanation for the new schedule, none of the parties requested that relief, and the record established that there was no disagreement between the parties regarding the father's parental access schedule, the parties had been cooperating with regard to same prior to the proceedings, the father regularly saw the child multiple times per week, and there was no indication that the child's best interests would be served by the parental access schedule set forth by the court (see Matter of Miller v Thompson, 184 AD3d 643; Matter of Barker v Rohack, 173 AD3d 1173; see generally Matter of Samuel v Sowers, 162 AD3d 674, 675; Matter of Grant v Terry, 104 AD3d 854).
Under the circumstances of this case, it is appropriate to expand the father's parental access schedule. A more liberal parental access schedule should be provided that would foster the best interests of the child by permitting the continued development of a meaningful relationship between the father and the child (see Sanders v Ballek, 136 AD3d 676, 677-678; Stones v Vandenberge, 127 AD3d 1213). Accordingly, we remit the matter to the Family Court, Nassau County, to establish a new parental access schedule for the father.
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court