Matter of Chung v Toppin (2022 NY Slip Op 05527)

Matter of Chung v Toppin

2022 NY Slip Op 05527

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-07161
2021-07163
 (Docket Nos. V-4708-20/21A, V-5038-20)

[*1]In the Matter of Latoya K. Chung, appellant,
v
Khaliyq B. Toppin, respondent. (Proceeding No. 1)
In the Matter of Latoya Kim Chung, appellant,
v
Khaliyq B. Toppin, respondent. (Proceeding No. 2)
In the Matter of Khaliyq Toppin, respondent,
v Latoya Kim Chung, appellant. (Proceeding No. 3)

Gail Jacobs, Great Neck, NY, for appellant.
Amy L. Colvin, Huntington, NY, for respondent.
Lawrence M. Schaffer, Plainview, NY, attorney for the child.
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Nassau County (Robin M. Kent, J.), dated September 10, 2021, and (2) an order of dismissal of the same court, also dated September 10, 2021. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child, in effect, denied the mother's petition for sole legal and physical custody of the parties' child, and awarded the mother supervised parental access. The order of

DECISION & ORDER
dismissal, after a hearing, dismissed the mother's petition alleging the father violated an interim order of parental access.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The father and the mother, who were never married, are the parents of a child born in 2017. The child resided with the mother until May 2019, at which time the father retrieved the child from the mother and commenced a family offense proceeding against the mother. The father was awarded temporary sole legal and physical custody of the child, and an order of protection was entered against the mother directing her to stay away from the father and the child, except for supervised parental access. In March 2020, the proceeding was dismissed for failure to prosecute.
In August 2020, the mother and the father each commenced a custody proceeding, seeking sole legal and physical custody of the child. In April 2021, the mother filed a violation petition, contending that the father was not complying with his obligations under an interim order of parental access. After a hearing, the Family Court, inter alia, awarded the father sole legal and physical custody of the child, awarded the mother supervised therapeutic parental access with the child, and awarded the mother daily virtual communication with the child. The court also dismissed the mother's violation petition. The mother appeals.
"The paramount consideration in any custody dispute is the best interests of the child" (Matter of Khan v Potdar, 185 AD3d 822, 822-823; see Eschbach v Eschbach, 56 NY2d 167, 171). "The determination of the child's best interests is to be made based on all the relevant circumstances" (Matter of Cassissa v Solares, 176 AD3d 697, 698 [internal quotation marks omitted]). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Here, the Family Court's determination that it was in the best interests of the child for the father to be awarded sole legal and physical custody, with supervised therapeutic parental access to the mother, is supported by a sound and substantial basis in the record (see Phillips v Phillips, 183 AD3d 772, 774). Accepting the court's credibility determinations, the evidence at the hearing established that the father, who had been the primary caregiver for the child since 2019, was better suited to promote stability in the child's life than the mother, whose ongoing mental health and anger issues prevent her from providing the child with a safe and secure environment at this time. Further, the father was the parent most likely to foster the other parent's relationship with the child (see Matter of Merchan v Hoyos, 199 AD3d 919, 919).
Furthermore, as the mother failed to establish that the father violated the interim order of parental access, the Family Court properly dismissed her violation petition (see Matter of Barnes v Barnes, 54 AD3d 755, 756).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court