Matter of Graffagnino v Esposito (2024 NY Slip Op 00307)

Matter of Graffagnino v Esposito

2024 NY Slip Op 00307

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-05854
 (Docket Nos. V-461-14/17D, V-467-14/17D, V-461-14/17E, V-467-14/17E, V-461-14/17F, V-467-14/17F, V-461-14/17H, V-467-14/17H)

[*1]In the Matter of Nicola Graffagnino, respondent,
v
Danielle Esposito, appellant. (Proceeding Nos. 1, 2, and 3.)
In the Matter of Danielle Esposito, appellant,
v
Nicola Graffagnino, respondent. (Proceeding No. 4.)

Francine Scotto, Staten Island, NY, for appellant.
Nicola Graffagnino, Staten Island, NY, respondent pro se.
Brian S. O'Halloran, Staten Island, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from stated portions of an order of the Family Court, Richmond County (Peter Fuller De Lizzo, J.), dated July 8, 2021. The order, inter alia, after a hearing, (1) modified an order of the same court dated January 6, 2016, among other things, so as to award the father increased parental access, set forth a new parental access schedule during holidays and school vacations, and require the mother to provide the father with two weeks of notice before any nonemergent medical appointments, and (2), in effect, granted the father's petitions alleging that the mother violated the order dated January 6, 2016.
ORDERED that the order dated July 8, 2021, is affirmed insofar as appealed from, with costs.
The parties are the parents of a child born in September 2013. In an order dated January 6, 2016, issued upon the consent of the parties, the Family Court awarded joint legal custody of the child to the parties, with residential custody to the mother and parental access to the father. The court also required each parent to notify the other of any nonemergent medical appointments at least 24 hours in advance. In February 2017, the mother filed a petition to modify the January 2016 order so as to reduce the father's parental access in order to provide her with more time with the child. The following month, the father filed a petition to modify the January 2016 order so as to award him residential custody of the child, with parental access to the mother, and a separate petition alleging that the mother violated the January 2016 order. In June 2017, the mother filed an amended petition to modify the January 2016 order, seeking, inter alia, not only to reduce the father's parental access, but also to award her sole legal custody of the child. In November 2017, the father filed a [*2]second petition alleging that the mother violated the January 2016 order.
Between 2018 and 2020, the Family Court conducted a hearing on the petitions. While the hearing was ongoing, the parties stipulated that a change in circumstances had occurred, warranting modification of the January 2016 order. In an order dated July 8, 2021, the court, inter alia, granted that branch of the mother's amended petition which was to modify the January 2016 order so as to award her sole legal custody of the child, and denied the father's petition to modify the January 2016 order so as to award him residential custody of the child. The court, in effect, denied that branch of the mother's amended petition which was to modify the January 2016 order so as to reduce the father's parental access and, instead, increased his parental access while setting forth a new schedule for parental access during holidays and school vacations. The court also directed the mother to provide the father with two weeks of notice before any nonemergent medical appointments. Further, the court determined that the mother violated the January 2016 order. The mother appeals from stated portions of the order dated July 8, 2021.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Gayle v Muir, 211 AD3d 942, 943 [internal quotation marks omitted]; see Baraz v Polyakov, 198 AD3d 853, 854). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Cabano v Petrella, 169 AD3d 901, 902). Moreover, "[t]he best interests of [a] child[ ] generally lie with a healthy, meaningful relationship with both parents" (Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197; see Matter of Sanders v Ballek, 136 AD3d 676, 677-678). "Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678). In other words, "[t]he determination of [parental access] is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Donkor v Donkor, 198 AD3d 892, 893).
Here, based solely on the testimony adduced at the hearing, the Family Court's determination that increasing the father's parental access was in the best interests of the child has a sound and substantial basis in the record (see Matter of Aponte v Jagnarain, 205 AD3d 803, 805; Matter of Hermanowski v Hermanowski, 57 AD3d 777, 778). Contrary to the mother's contention, the court's conclusion was appropriately influenced by the child's best interests, as opposed to constituting a punishment of the mother. In any event, the court's decision to award the mother sole legal custody of the child, while maintaining the residential custody she previously enjoyed, indicated that its determination was not intended to simply punish the mother. Nor were the court's reasons for declining to award residential custody to the father necessarily inconsistent with its decision to award him more parental access. The evidence at the hearing revealed that the mother interfered with the father's relationship with and parental role in relation to the child, inter alia, by refusing to make up parental access that the father missed due to the child's illnesses, enrolling the child in a school without consulting or even informing the father, and moving without first informing the father. The record also indicated that the mother may have disparaged the father to the child. The court therefore correctly concluded that the father's parental access schedule as set forth in the January 2016 order was "[in]adequate to further strengthen and reinforce the father[-]child bond." Indeed, the court's decision to award the father "[a] more liberal parental access schedule" was appropriate to "foster the best interests of the child by permitting the continued development of a meaningful relationship between the father and the child" (Matter of Munroe v Smith, 189 AD3d 1595, 1599; see Matter of Sanders v Ballek, 136 AD3d at 677-678). Moreover, contrary to the mother's contention, the court providently exercised its discretion in modifying the parental access schedule for holidays and school vacation time.
Finally, contrary to the mother's contention, the Family Court properly determined that she violated the January 2016 order.
The mother's remaining contentions are without merit.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court