Matter of Zakaria v Zakaria (2026 NY Slip Op 01370)

Matter of Zakaria v Zakaria

2026 NY Slip Op 01370

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-09477 
2024-09480
 (Docket Nos. V-22785-18/18B, V-22785-18/18C)

[*1]In the Matter of Saul Zakaria, appellant,
vElissa Zakaria, respondent.

Tammi D. Pere, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Robin Stone Einbinder, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Kings County (Gregory L. Gliedman, J.), dated September 3, 2024, and (2) an order of the same court, also dated September 3, 2024. The order, insofar as appealed from, upon the decision, made after a hearing, granted that branch of the father's amended petition which was to modify the parental access provisions of a stipulation of settlement dated February 28, 2017, so as to expand his parental access with the parties' child only to the extent of directing that the father shall have two weeks of continuous, uninterrupted parental access with the child during the child's summer vacation and encouraged the parties to work with one another to agree on parental access for special events.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by adding a provision thereto that the father shall have parental access with the child on alternating weekends from Friday at 3:30 p.m. to Monday at 8:00 a.m., (2) by adding a provision thereto that the father shall have weekly Wednesday visits from 5:30 p.m. to 7:30 p.m., (3) by deleting the provision thereof encouraging the parties to "work with one another in the event that either parent has a special event that they would like to attend with the child," (4) by adding a provision thereto that the father shall have parental access with the child every Father's Day from 9:00 a.m. to 6:00 p.m., (5) by adding a provision thereto that the father shall have parental access with the child for Shemini Atzeret in odd-numbered years and for Simchat Torah in even-numbered years, (6) by adding a provision thereto that the father shall have parental access with the child for Purim in even-numbered years without regard to whether the child has school on such day, and (7) by adding a provision thereto that the father shall have parental access with the child during Passover from 6:00 p.m. on the Second Night to 6:00 p.m. on the Third Night, and from 9:00 a.m. on the Fifth Day to 7:00 p.m. on the Seventh Day; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, to [*2]issue an order setting forth the father's parental access on school breaks, the remaining holidays, and the child's birthday, and setting forth a protocol for parental access on special occasions, including, but not limited to, weddings and Bar Mitzvahs in accordance herewith.
The parties are the parents of one child. The parties were divorced by judgment of divorce dated March 28, 2017. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated February 28, 2017 (hereinafter the stipulation). The stipulation awarded the mother sole legal and physical custody of the child and set forth a parental access schedule.
By amended petition dated January 20, 2020, the father sought, inter alia, to modify the parental access provisions of the stipulation so as to expand his parental access with the child. By order dated November 4, 2020, the Family Court temporarily modified the stipulation by expanding the father's parental access schedule by, among other things, adding a weekly Wednesday dinner visit. That arrangement remained substantively in effect upon an order dated February 10, 2021.
After a hearing, in an order dated September 3, 2024, the Family Court, among other things, granted that branch of the father's amended petition only to the extent of directing that the father shall have two weeks of continuous, uninterrupted parental access with the child during the child's summer vacation and encouraged the parties to work with one another to agree on parental access for special events. The father appeals.
"Where parents enter into an agreement concerning custody, that agreement will not be modified unless there is a sufficient change in circumstances since the time of when the agreement was entered into, and unless modification of the custody arrangement is in the best interests of the child" (McAvoy v Hannigan, 107 AD3d 960, 962; see Matter of Burke v Squires, 202 AD3d 784, 785). "'The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances'" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902; see Eschbach v Eschbach, 56 NY2d 167, 174). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678).
Here, although the Family Court made no credibility findings and failed to state the facts it deemed essential to its determination, the record is sufficient for this Court to conduct an independent review of the evidence (see CPLR 4213[b]; Matter of Jose L. I., 46 NY2d 1024, 1025-1026; Matter of Gray v Tyson, 205 AD3d 720, 721-722).
The Family Court properly determined that there was a change in circumstances warranting a modification of the stipulation. However, under the circumstances of this case, it is appropriate to further expand the father's parental access schedule (see Hepheastou v Spaliaras, 201 AD3d 793, 794; Matter of Sanders v Ballek, 136 AD3d 676, 677-678). The record shows that the parties had been cooperating with regard to weekly Wednesday dinner visits, which had been in effect since November 2020, and the mother did not object to continuing the same (see Matter of Miller v Thompson, 184 AD3d 643, 644; Matter of Samuel v Sowers, 162 AD3d 674, 675). Thus, in addition to the parental access provided by the court, it is appropriate to: (1) award an additional period of parental access to the father, one weekday dinner visit, on Wednesdays from 5:30 p.m. to 7:30 p.m.; (2) modify the alternating weekend schedule to commence on Friday at 3:30 p.m. and end on Monday at 8:00 a.m.; (3) award the father parental access with the child every Father's Day from 9:00 a.m. to 6:00 p.m.; (4) award the father parental access with the child for Shemini Atzeret in odd-numbered years and for Simchat Torah in even-numbered years; (5) award the father parental access with the child for Purim in even-numbered years without regard to whether the child has school on such day; and (6) award the father parental access with the child during Passover from 6:00 p.m. on the Second Night to 6:00 p.m. on the Third Night, and from 9:00 a.m. on the Fifth Day [*3]to 7:00 p.m. on the Seventh Day.
Additionally, "[a]bsent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access" (Matter of Yegnukian v Kogan, 179 AD3d 1082, 1083; see Matter of Stones v Vandenberge, 127 AD3d 1213, 1215). Here, while the Family Court directed that the father shall have two weeks of continuous, uninterrupted parental access during the summer, the court, without explanation, failed to address the father's explicit request for expanded parental access on school breaks, the remaining holidays, the child's birthday, and special occasions, including, but not limited to, weddings and Bar Mitzvahs. Where, as here, the court found that the mother had engaged in conduct that obstructed the father's parental access with the child, the court should have explicitly addressed the father's request in this regard (see Matter of Cornielle v Rosado, 231 AD3d 824, 828; Matter of Sanders v Ballek, 136 AD3d at 678). Given the parties' inability to cooperate in resolving parental access matters, the court's directive encouraging the parties to "work with one another in the event that either parent has a special event that they would like to attend with the child" is insufficient (see Matter of Cabano v Petrella, 169 AD3d at 903; Matter of Alvarado v Cordova, 158 AD3d 794, 795).
Accordingly, we remit the matter to the Family Court, Kings County, to establish an appropriate parental access schedule for school breaks, the remaining holidays, and the child's birthday, and to set forth a protocol for parental access on special occasions, including, but not limited to, weddings and Bar Mitzvahs.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court